**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2012

Lyle W. Cayce
Clerk

No. 11-40902
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUNA SANCHEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-186-2

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Luna Sanchez appeals the 168-month within-guidelines sentence imposed in connection with his conviction for conspiracy to possess with the intent to manufacture and distribute methamphetamine. Sanchez argues that the district court erred in denying his request for a mitigating role adjustment under U.S.S.G. § 3B1.2 based on his role as a minimal or minor participant in the offense. He argues that he performed menial tasks and was instructed in these tasks by his co-conspirator. Sanchez further notes that he played no part

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the actual cooking of the methamphetamine and would not have received any part of the profits from the intended sale of methamphetamine.  He argues that the court's error in this regard affected the choice of sentence.

The determination that a defendant is a minimal or minor participant under § 3B1.2 is a factual determination reviewed for clear error.  *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).  A defendant was a minimal participant if he was "plainly among the least culpable of those involved in the conduct of a group" as evidenced by his "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others." § 3B1.2, comment. (n.4).  A defendant was a minor participant if his role was more than minimal but he was "less culpable than most other participants."  § 3B1.2, comment. (n.5).

Sanchez traveled from Los Angeles to Dallas with his co-conspirator.  He was present in meetings, booked the hotel room, acted as a driver, assisted in transporting the pot used to cook methamphetamine, and received a truck as payment for his services.  Additionally, he admitted to knowing that his co-conspirator was manufacturing drugs.  Because his contribution to the illegal activity was more than peripheral, he was not entitled to a reduction for being a minor participant.  *See Villanueva*, 408 F.3d at 204.  Further, he has not demonstrated that he was a minimal participant because he fails to show that he was the least culpable by comparing his conduct to that of his coconspirators.  *Cf.* § 3B1.2, comment. (n.4).  The district court did not clearly err in denying Sanchez a mitigating role adjustment pursuant to § 3B1.2.  *See Villanueva*, 408 F.3d at 203.

The judgment of the district court is AFFIRMED.